# Henry Houtz v. The People of the State of Illinois.

1. UNLAWFUL SALE OF INTOXICANTS—*when instruction as to, erroneous.* An instruction upon this subject is erroneous which makes the guilt or innocence of the accused to depend upon the purpose for which the liquor in question was obtained and not upon the purpose with which it was sold.

2. UNLAWFUL SALE OF INTOXICANTS—*what evidence competent in prosecution for.* It is competent upon such a prosecution to prove that persons who gathered in the highway where the saloon in question was located were loud and profane in their language.

3. INSTRUCTIONS—*should be predicated upon the evidence and be responsive to the issues.* Instructions given in a case should be predicated upon the evidence and should be harmonious with the issues in the cause.

Prosecution under Dram-Shop Act. Error to the Circuit Court of Ford County; the Hon. F. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed November 24, 1905.

FLEMING R. MOORE and NELLIE B. KESSLER, for plaintiff in error.

W. H. STEAD, Attorney General, and L. A. CRANSTON, State's Attorney, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Henry Houtz was tried in the Circuit Court of Ford County, upon an indictment in which forty-nine counts charged him with having unlawfully sold intoxicating liquor to be drank upon premises adjacent to the premises where sold, and eight counts charged him with selling intoxicating liquor in a quantity less than one gallon, and fourteen counts charged him with unlawfully selling liquor to be drank upon premises adjacent to the premises where sold, said adjacent premises being then and there a place of public resort, and one count charged him with keeping and maintaining a common nuisance. Upon the trial he was convicted upon the forty-nine counts first named, the fourteen counts named in the third place, and also upon the one count charging him with maintaining a common nuisance.

The evidence in the case is quite voluminous, and if the cause were before this court for review upon the evidence alone, we would be satisfied with the finding of the jury and affirm the judgment.

There were, however, two instructions given for the people upon the trial of the cause which we believe to be erroneous, the giving of which was so prejudicial to defendant's case that a reversal must be ordered upon that ground.

Instruction number ten given for the people was as follows:

"The court instructs the jury that if you believe from the evidence, beyond all reasonable doubt, that lager beer or beer which was intoxicating, if any, was sold by the defendant, his agent or servant at his place of business within eighteen months from December 10, 1904, and that such beer was obtained to be drank, upon the premises adjacent to the premises where sold, and that there is no direct proof that such beer was paid for, then under such facts, if you find them to be facts, you have a right to take into consideration all the facts and circumstances given in evidence in determining whether the said beer was bought from the defendant, his agent or servant, or whether the beer was given away. And if you further find from all the facts and circumstances given in evidence, beyond a reasonable doubt, that such beer was bought, then you have a right to so find, and as to such beer, if any is shown by the evidence, was so bought to be drank upon premises adjacent to the premises where sold, then the jury will be authorized to find the defendant guilty as to such beer, even though no one has testified that he has seen the money pass for such beer."

This instruction is much too long and is indefinite and argumentative and open to the objection that it especially invites the jury to consider the intent with which the beer may have been obtained. The indictment charges that defendant "did then and there unlawfully sell intoxicating liquor to be drank upon the premises adjacent to the place where sold." The charge is aimed expressly at unlawful sales. Defendant cannot be convicted upon evidence alone, that some one else bought with an intention upon his part

unlawfully to use the liquor purchased. The purchaser may have obtained the liquor to be drank upon premises adjacent and yet the seller be guilty of nothing. In the instruction the guilt hinges upon the purpose for which the liquor was obtained and not upon the purpose with which it was sold. While the purpose of the buyer may be a proper element to show, in proving a misdemeanor, it is an element only and cannot of itself be a basis of conviction. This instruction in effect asks the jury to consider a sale by the defendant, which the purchaser may have wrongfully obtained to drink upon premises adjacent. The sale in itself might have been innocently made, and yet, if the purpose of the buyer was wrongful, the jury could have felt authorized to convict the seller for a wrong he was innocent of. If this instruction means anything at all in the case, it is plainly open to the above objection and should have been refused.

The fourth instruction given for the people is also bad. It reads as follows:

" If you believe from the evidence beyond a reasonable doubt, that the defendant kept a cold storage establishment or place where lager beer, or beer which was intoxicating, was vended in the said county of Ford, in quantities of not less than five gallons and in the original packages, as put up by the manufacturer, and if you further believe from the evidence beyond a reasonable doubt, that the defendant, his agents or servants, within eighteen months prior to December 10, 1904, sold such lager beer, or beer that was intoxicating, at said cold storage establishment in such original packages, to be drank upon premises adjacent to the premises where the same was sold, then such sales were in violation of law and in such case, if you so find from the evidence beyond a reasonable doubt, you will find the defendant guilty for as many sales as you shall so find from the evidence beyond a reasonable doubt were so made."

This instruction should have been limited to the first forty-nine counts, whereas, as a matter of fact, it allows a conviction upon each sale so made and permits the jury to find the defendant guilty upon the fourteen counts in which

the resort is alleged to be a public resort, without requiring any evidence that such resort was a public resort. This instruction defines sales in five-gallon lots, the liquor to be drank upon the premises adjacent to the premises where sold, and then tells the jury they could find defendant guilty on as many sales as they shall find defendant so made. That was true as to the forty-nine counts, but not true as to the others. From such instruction the jury might have felt warranted in convicting defendant upon the fourteen counts as well, which, under the indictment, they had no right to do, unless the adjacent premises were proven to have been a place of public resort, as charged in the indictment.

It will not do to presume that the error in these two instructions did no harm. They had relation to material and essential matters. The first instruction dealt with the character of the sale itself and allowed the jury especially to consider the purpose of the purchaser only, instead of the purpose of the seller, and the second instruction above designated allowed the jury to convict for a sale only upon counts that required other elements to be shown to make the offense charged in the indictment.

As this case is to be tried again, it is proper for us to say that upon the point argued in this court, that it was error to allow the people to prove by numerous witnesses that the persons who gathered on the highway were loud and profane, we hold such evidence competent. It fairly tends to prove the character of the liquor sold, that is, that it was intoxicating. We know of no better way to prove that fact than by showing that its use made men drunk, loud and boisterous.

For the errors above stated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*